IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENISE ESPINOZA, | ) | CIVIL NO. 13-00415 SOM/RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT |
| | ) | AND DENYING PLAINTIFF'S |
| vs. | ) | APPLICATION TO PROCEED |
| | ) | WITHOUT PREPAYING FEES OR |
| FAY KOYANAGI, individually | ) | COSTS AS MOOT |
| and in her official capacity; | ) | |
| PAUL WONG, individually and | ) | |
| in his official capacity; and | ) | |
| SHIRLEY KAWAMURA, | ) | |
| individually and in her | ) | |
| official capacity, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S
APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT**

On August 23, 2013, Plaintiff Denise Espinoza filed a

Complaint in this action.  ECF No. 1.  That same day, Espinoza

filed an application to proceed without prepayment of fees and

costs (the "IFP").  ECF No. 3.  This court dismisses Espinoza's

Complaint for failure to state a claim and denies her IFP as

moot.

The court screens this pro se Complaint pursuant to 28

U.S.C. § 1915.  Pursuant to § 1915, this court "shall dismiss the

case at any time" upon determining that the action "fails to

state a claim on which relief may be granted."  See also Denton

v. Hernandez, 504 U.S. 25, 32 (1992)(stating that the IFP statute

"accords judges not only the authority to dismiss a claim based

on an indisputably meritless legal theory, but also the unusual

power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless"); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001)("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

Espinoza is suing three state court judges pursuant to 42 U.S.C. § 1983.[1]   However, judges are protected with respect to judicial decisions by a broad absolute immunity.   <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-57 (1978).   This immunity is only forfeited when either the judge did not perform a judicial act or the judge "acted in the clear absence of all jurisdiction."   <u>Id.</u> Espinoza's Complaint fails to assert that any Defendant was performing something other than a judicial act or "acted in the clear absence of all jurisdiction."   <u>Id.</u>

Espinoza may file a First Amended Complaint that is complete in itself (that is, does not incorporate any prior complaint by reference) no later than September 9, 2013.   She must also either pay the civil filing fee or submit a new IFP. Failure to meet the above deadline shall cause this action to be automatically dismissed.   Given the court's dismissal of Espinoza's Complaint, the court denies Espinoza's IFP as moot.

---

[1] The court notes that the correct spelling of Judge Koyanagi's first name is "Faye."

In addition, the court cautions Espinoza that any future filing must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  Id. To state a plausible claim, the complaint must, at a minimum, "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

Rule 10(b) of the Federal Rules of Civil Procedure requires a plaintiff to state claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  Moreover, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count."  Id.

The court notes that Espinoza's Complaint appears to assert that Defendants "tortured" her and took illegal bribes. However, Espinoza has not included factual allegations going to the claims.  The legal bases for her claims remain unclear.  Even

3

construing Espinoza's Complaint liberally, see Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003), the court cannot identify any plausible ground for either of Espinoza's claims.  See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)).  Any First Amended Complaint must cure these deficiencies by stating a claim upon which relief may be granted. Failure to do so will result in the dismissal of the action.

> IT IS SO ORDERED.

> DATED: Honolulu, Hawaii, August 28, 2013.



> /s/ Susan Oki Mollway
> Susan Oki Mollway
> United States District Judge

Espinoza v. Koyanagi et al.; Civil No. 13-00415 SOM/RLP; ORDER DISMISSING COMPLAINT AND DENYING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS AS MOOT